624 So.2d 43 (1993)
STATE of Louisiana, Appellee,
v.
Dennis McEACHERN, Appellant.
No. 25236-KA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1993.
Office of Indigent Defender by William Rick Warren, Minden, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James M. Bullers, Dist. Atty., Whitley R. Graves, Asst. Dist. Atty., Minden, for appellee.
Before NORRIS, VICTORY and STEWART, JJ.
VICTORY, Judge.
Defendant, Dennis McEachern, charged with possession of cocaine in violation of LSA-R.S. 40:967(0(2), pled guilty as charged on September 30, 1992. Thereafter, he was sentenced under the Louisiana Felony Sentencing Guidelines to serve four years at hard labor. He appeals the sentence as excessive. We affirm.

FACTS
On February 3, 1992, Minden police officers observed the defendant's wife talking with a man next to a car in which defendant was sitting with the couple's four children at the intersection of Crighton and North Fairview Streets. When the officers approached, Mrs. McEachern jumped into the car and the two attempted to leave. The car was *44 stopped and the resulting search of the adults for weapons revealed the defendant to be in possession of a crack pipe. A crack pipe was also found on Mrs. McEachern, who was observed trying to hide a rock of crack cocaine in her baby's blanket. The two were then arrested for possession of cocaine.

DISCUSSION
Defendant filed a timely motion under LSA-C.Cr.P. Art. 881.1 which moved the court
to reconsider the sentence on the ground that the sentence imposed on defendant is unconstitutionally excessive.
Defendant's motion to reconsider merely alleged that the sentence is excessive. Under State v. Mims, 619 So.2d 1059 (La.1993), he is, therefore, "simply relegated to having the appellate court consider the bare claim of excessiveness." This bare claim preserves only a claim of constitutional excessiveness, Mims, supra. We note that the trial court imposed sentence within the range suggested by the appropriate FSG grid cell, 5B. Such a sentence is appropriate for an offender with that criminal history, and is not excessive under the Louisiana Constitution. State v. Barnes, 607 So.2d 872 (La.App. 2d Cir. 1992); State v. Essex, 618 So.2d 574 (La.App. 2d Cir.1993); La.S.G. § 201(C). We have examined the record for error patent and noted none.

DECREE
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.