h STEWART, J.
Pursuant to a plea bargain which secured a reduction of charges, the defendant, Ean Johnson, pled guilty to a second offense possession of marijuana charge and a simple possession of cocaine charge. The trial court sentenced him to concurrent sentences of five years. The defendant argues that his sentences are excessive. We affirm.
FACTS
The matters of record show that on March 4, 2002, a confidential informant notified the police that the defendant was cutting a large rock of crack cocaine for sale. The defendant, who was on parole, was later seen at a convenience store carrying a case of beer. He was then arrested for a parole violation. While being booked at the Minden Police Department, the defendant took a bag from his shorts and put it in his mouth in an attempt to swallow it. After a brief struggle, the defendant was found to be in possession of a bag of marijuana and a bag containing rocks of crack cocaine worth $420. The crime lab verified the identity of the contraband seized from the defendant.
The defendant was charged with one count of possession of marijuana, fourth offense, a violation of La. R.S. 40:966, punishable by imprisonment with or without hard labor for not more than twenty years. He was also charged with one count of possession of cocaine with intent to distribute, a violation of La. R.S. 40:967(A), punishable by imprisonment for not less than two years without benefits to not more than thirty years. A plea bargain secured reduced charges, the dismissal of a related charge of resisting an officer, and the state’s agreement not to object to concurrent ^sentences. In accordance with the plea bargain, the defendant pled guilty to possession of marijuana, second offense, and simple possession of cocaine, both of which carry maximum penalties of imprisonment for not more than five years. The trial court imposed five-year sentences on both charges and ordered them to be served concurrently. The trial court also ordered that these sentences be served *1062 consecutively to a sentence of fifteen years without benefits which was imposed on an unrelated charge of possession of a firearm by a convicted felon. The defendant filed a motion to reconsider the concurrent five-year sentences based on excessiveness. The motion was denied. This appeal followed.
DISCUSSION
On appeal, the defendant assigns as error the trial court’s failure to give sufficient consideration to mitigating factors in fashioning the sentence, as well as the trial court’s imposition of the maximum sentences, which the defendant contends are excessive. Because the defendant’s motion for reconsideration merely alleged that the sentences are excessive, he is simply relegated to having the appellate court consider the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. McEachern, 624 So.2d 43 (La.App. 2d Cir.1993). Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not ^adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, a reviewing court may not set aside a sentence. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Past records of drug offenses should weigh heavily in the decision to uphold the imposition of maximum sentences. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La.C.Cr.P. art. 883. It is within a trial court’s discretion to order sentences to run consecutively rather than concurrently. State v. Robinson, 33,921 (La.App.2d Cir.11/1/00), 770 So.2d 868; State v. Coleman, 32,906 (La.App.2d Cir.4/5/00), 756 So.2d 1218, 1247-48, writ denied, 00-1572 (La.3/23/01), 787 So.2d 1010; State v. Derry, 516 So.2d 1284 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La.1988).
Prior to imposing sentence, the district court considered a PSI which provided detailed information concerning the defendant who, at the time of |4sentencing, was 25 years old. The court noted that the defendant was a fourth felony offender. He was convicted in 1994 for misdemeanor possession of marijuana. Thereafter, he had convictions for loitering, resisting arrest, and possession of marijuana in 1996, for which he received a four-year sentence. He was released on parole, but it was revoked. The defendant had further convictions for battery and drug traffic loitering. In 1997, he was convicted of possession of marijuana and received another four-year sentence. Again, he was paroled, and it was revoked. He amassed additional convictions for battery, disturbing the peace, and another possession of marijuana charge. Yet again, he was granted parole, but it was revoked. The trial court found that the defendant was in *1063 need of custodial treatment and that he was likely to commit another offense.
On this record, we do not find constitutional error. The defendant received a substantial benefit through his plea bargain which markedly reduced his sentencing exposure. The offenses of conviction do not adequately describe the defendant’s criminal conduct. He has multiple prior convictions for drug offenses which now warrant the imposition of the maximum sentences authorized. The sentences imposed are lawful. They are neither grossly disproportionate to the severity of the offense nor shocking to our sense of justice.
The concurrent sentences of five years, which are at issue in this appeal, arose from conduct unrelated to the conduct which resulted in the defendant’s conviction for the firearm charge for which he was sentenced to fifteen years. Thus, there was no error in ordering the concurrent sentences | sof five years to be served consecutively to the sentence imposed for the firearm conviction.
In sum, there is no showing of an abuse of the district court’s discretion in the imposition of the sentences in this matter.
CONCLUSION
The defendant’s convictions and sentences are affirmed.
AFFIRMED.