899 So.2d 733 (2005)
STATE of Louisiana, Appellee
v.
Danny LIVINGSTON, Appellant.
No. 39,390-KA.
Court of Appeal of Louisiana, Second Circuit.
April 6, 2005.
Paula C. Marx, Lafayette, Kenota P. Johnson, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, C. Sherburne Sentell, III, Assistant District Attorney, for Appellee.
Before BROWN, GASKINS, and DREW, JJ.
*734 BROWN, C.J.
By a two count bill of information, six individuals, including defendant, Danny Livingston, were charged with attempted manslaughter and conspiracy to commit attempted manslaughter. On July 15, 2002, the victim, David Retzlaff, was mistakenly believed by co-defendant, Robert Byrd, to have thrown a bottle at Byrd's friend. Byrd attacked Retzlaff and was joined by others. Defendant came out of a house, saw the others kicking and beating Retzlaff, and joined the attack. Defendant, who was wearing steel-toed boots, repeatedly kicked Retzlaff in the head and abdomen. Retzlaff suffered multiple facial and skull fractures. On February 10, 2004, the state amended count one to aggravated second degree battery and defendant pled guilty. Count two was dismissed.[1] The state also agreed not to pursue a charge of obstruction of justice arising out of the fact that defendant threw away his steel-toed boots.
Aggravated second degree battery is punishable by imprisonment for not more than 15 years and imposition of an optional fine not to exceed $10,000. On May 3, 2004, the district court sentenced defendant to 13 years at hard labor, and ordered restitution of medical bills incurred by Retzlaff in the amount of $48,000. A timely motion for reconsideration, filed on May 27, 2004, was denied. Defendant argues that his sentence is excessive, and that the order of restitution is illegal. We affirm.

Facts
The record shows that on July 15, 2002, defendant, along with co-defendants, Robert Byrd, Tony Dobbs, Amanda Dobbs, Junior Guthrie, and Bobby Morgan, violently beat David Retzlaff. Defendant wore steel-toed boots and, with the others, repeatedly kicked Retzlaff in the head and abdomen. Retzlaff was seriously and permanently injured. He lost several teeth and he will suffer from double vision for the rest of his life. His medical bills exceeded $48,000, with non-reimbursed expenses of approximately $23,000. The minutes shows that Byrd pled guilty with an agreement that he would not be charged as a habitual offender and was sentenced to five years at hard labor and ordered to make restitution for Retzlaff's medical expenses.[2] Amanda and Tony Dobbs pled guilty to misdemeanor simple battery and received six-month suspended sentences. Guthrie and Morgan failed to appear and their bonds were forfeited and warrants issued for their arrest. As stated above, defendant was sentenced to 13 years at hard labor and, like Byrd, he was ordered to make restitution to the victim.

Discussion
Defendant's motion for reconsideration urged only that his sentence was excessive. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain. State v. Mims, 619 So.2d 1059 (La.1993); State v. Lobato, 603 So.2d 739 (La. 1992); State v. White, 37,815 (La.App.2d *735 Cir.12/17/03), 862 So.2d 1123. A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1753 (La.05/16/00), 769 So.2d 1158.
Prior to imposing sentence, the court considered a PSI report. The court noted that defendant was 18 at the time of the offense and had dropped out of school after the eighth grade. Defendant was intoxicated at time of offense. He was a first felony offender with almost no work history.
The hard labor sentence was within the statutory limits provided for the crime and not illegal. The injuries inflicted on the victim were severe with permanent scarring and disability. The victim, who had not done anything to induce the commission of the offense, will suffer for the rest of his life. The court noted that the original charges were attempted manslaughter and conspiracy to commit attempted manslaughter, which would have carried a sentencing exposure of up to 20 years on each count.[3] The only matters in mitigation were defendant's age and his lack of a prior criminal history.
On this record, we do not find constitutional error. Defendant reduced his sentencing exposure through his plea bargain. Although he had been drinking, his voluntary intoxication did not rise to the level of a defense. The matters of record show this was an exceptionally brutal beating inflicted upon an innocent victim. The trial court carefully considered the facts and circumstances before imposing sentence. Thirteen years is less than the maximum and under the circumstances of this case, is clearly neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. There is no showing of a manifest abuse of the district court's discretion in the imposition of this hard labor sentence.
Defendant also urged that the trial court's order of restitution was unlawful in the absence of a probationary sentence.[4] La. C. Cr. P. art. 895(A)(7); State v. DeGueurce, 30,334 (La.App.2d Cir.02/25/98), 710 So.2d 296, writ denied, 98-1213 (La.10/09/98), 726 So.2d 18. In DeGueurce, the court imposed a three-year hard labor sentence and ordered restitution to the victim's family in an unstated amount for the victim's medical treatment or serve an additional year in jail. In the instant case, the judge did not make restitution a prerequisite for parole, nor did he impose additional jail time for failure to pay. State v. DeGueurce centered on the imposition of additional jail time for failure to pay restitution when a sentence is not suspended.
La. C. Cr. P. art. 883.2, enacted in 1999 after the DeGueurce decision, provides that in all cases where an actual pecuniary loss is incurred by the victim, "the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose." (Emphasis added).
The trial court ordered restitution to the victim in the amount of $48,000 to be made after defendant's parole (or release from prison) with no jail time for default. La. C. Cr. P. art. 886 provides that in the event of nonpayment of restitution *736 to the victim, the court which imposed the sentence may sign a judgment against the defendant in a sum equal to restitution plus interest which can be enforced in either civil or criminal court, or both, in the same manner as a money judgment in a civil case. This order for restitution is not contingent on a probated sentence. The constitutional prohibition against double jeopardy, therefore, is not implicated by enforcement of a restitution order in addition to a prison or jail sentence. See also 18 U.S.C. § 3663(a)(1).

Conclusion
Defendant's 13-year hard labor sentence with restitution is not excessive by constitutional standards, and accordingly, the conviction and the sentence are affirmed.
CONVICTION AND SENTENCE ARE AFFIRMED.
NOTES
[1] We note that there is no such charge as conspiracy to commit an attempt. Conspiracy and attempt are classified as inchoate offenses. They provide a basis for intervention to prevent a crime or to punish an actor who tries but fails to accomplish his intended crime. One cannot attempt to attempt, conspire to conspire, or conspire to attempt. See State v. Sloan, 32,101 (La.App.2d Cir.08/18/99), 747 So.2d 101.
[2] The minutes simply state that Byrd pled guilty and give the details of his sentence. They contain no reference to counts.
[3] We note again that the language of count two did not charge a recognizable crime.
[4] The state's response consisted of one sentence claiming that the sentence was illegally lenient and that "defendant is not entitled to any parole consideration until restitution is paid in full."