978 So.2d 1217 (2008)
STATE of Louisiana, Appellee,
v.
Frederick ROBINSON, Appellant.
No. 43,133-KA.
Court of Appeal of Louisiana, Second Circuit.
March 19, 2008.
James E. Beal, Jonesboro, for Appellant.
J. Schuyler Marvin, District Attorney, C. Sherburne Sentell, III, John M. Lawrence, Assistant District Attorneys, for Appellee.
*1218 Before WILLIAMS, STEWART and PEATROSS, JJ.
WILLIAMS, J.
The defendant, Frederick Robinson, was charged by bill of information with two counts of felony theft and one count of forgery arising out of his attempt to defraud a Minden car dealership of two vehicles valued at approximately $28,000 each. The state agreed to dismiss the two counts of felony theft in exchange for the defendant's guilty plea to forgery. The state also agreed not to file a habitual offender bill against the defendant. A pre-sentence investigation ("PSI") report was ordered. The defendant pled guilty and was later sentenced to serve ten years' imprisonment at hard labor, to run consecutively with any other sentence. The defendant's timely filed motion to reconsider sentence was denied. He now appeals his sentence as excessive. We affirm.
Since defendant's motion for reconsideration merely alleged that the sentence is excessive, under State v. Mims, 619 So.2d 1059 (La. 1993), he is "simply relegated to having the appellate court consider the bare claim of excessiveness." This bare claim preserves only a claim of constitutional excessiveness. Mims, supra; State v. McEachern, 624 So.2d 43 (La.App. 2d Cir.1993). Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733; State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
Forgery carries a penalty of imprisonment, with or without hard labor, for not more than ten years, a fine of not more than $5,000 or both. The defendant was sentenced to serve ten years' imprisonment at hard labor, to run consecutively with any other sentence imposed. On this record, we do not find constitutional error. The defendant is a fifth felony offender with a lengthy criminal history including multiple offenses of forgery, felony theft and issuing worthless checks. Additionally, the defendant received substantial benefits as a result of the plea bargain agreement. We do not find that the sentence imposed is grossly disproportionate to the severity of the offense or that it is shocking to our sense of justice.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.