999 So.2d 177 (2008)
STATE of Louisiana, Appellee,
v.
Laverto SHYNE, Appellant.
No. 43,762-KA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 2008.
*178 Louisiana Appellate Project, by James Edward Beal, for Appellant.
John Schuyler Marvin, District Attorney, John Michael Lawrence, C. Sherburne Sentell III, Assistant District Attorneys, Counsel for Appellee.
Before STEWART, GASKINS and MOORE, JJ.
MOORE, J.
The defendant was charged by bill of information with two counts of distribution of cocaine, a Schedule II controlled dangerous substance. As a result of a plea bargain, the defendant pled guilty to one count in exchange for the state's dismissal of the second count and its agreement not to seek sentencing enhancements. The trial court sentenced the defendant to serve five years of imprisonment at hard labor, the first two to be served without benefit of probation, parole or suspension of sentence. The defendant's motion to reconsider sentence was subsequently denied. The defendant now appeals his sentence as excessive. We affirm.
On March 27, 2007, during an undercover drug surveillance operation conducted in Webster Parish by the Minden Police Department, the defendant sold $20.00 worth of suspected crack cocaine to an undercover confidential informant. The transaction was recorded on audio and video, and the North Louisiana Crime Lab later determined that the substance was, in fact, cocaine.
The defendant's motion for reconsideration simply alleged that the sentence is excessive. Therefore, under State v. Mims, 619 So.2d 1059 (La.1993), he is "simply relegated to having the appellate court consider the bare claim of excessiveness." This bare claim preserves only a claim of constitutional excessiveness, Mims, supra; State v. McEachern, 624 So.2d 43 (La.App. 2d Cir.1993).
Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733; State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864.
*179 Distribution of a Schedule II controlled dangerous substance such as cocaine is punishable by imprisonment at hard labor for not less than 2 years nor more than 30 years, the first 2 years to be served without benefit or probation, parole or suspension of sentence, and a possible fine of not more than $50,000.00. In this case, the trial court sentenced the defendant to 5 years at hard labor, the first 2 years to be served without the benefits.
On this record, we do not find constitutional error. The sentencing court indicated that defendant's prior criminal record included a guilty plea to attempted carnal knowledge of a juvenile in 1999. He was sentenced to three years at hard labor, and he was given the benefit of three years probation, which was revoked on August 20, 2001. On September 17, 2001, he pled guilty to simple battery after being charged with aggravated battery. He later pled guilty to possession of marijuana in April of 2007. Furthermore, the defendant has received substantial benefits as a result of the plea bargain agreement on the instant offense.
For these reasons, we do not find that the defendant's low-range sentence is grossly disproportionate to the severity of the offense or that it is shocking to our sense of justice.
Accordingly, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.