999 So.2d 175 (2008)
STATE of Louisiana, Appellee,
v.
Myeshia ROGERS, Appellant.
No. 43,759-KA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 2008.
Edward K. Bauman, Lake Charles, for Appellant.
Myeshia Rogers, Pro Se.
J. Schuyler Marvin, District Attorney, John M. Lawrence, C. Sherburne Sentell, III, Marcus R. Patillo, Assistant District Attorney, for Appellee.
*176 Before BROWN, WILLIAMS and LOLLEY, JJ.
WILLIAMS, J.
The defendant, Myeshia Rogers, was charged by bill of information with two counts of distribution of cocaine, a Schedule II controlled dangerous substance, in violation of LSA-R.S. 40:967(A). Pursuant to a plea agreement, the defendant pled guilty as charged to one count in exchange for which the state agreed to nolle pros the second count.
The defendant was sentenced to serve five years imprisonment at hard labor. Three years of the sentence were suspended and two years were ordered to be served without the benefit of parole, probation or suspension of sentence. The defendant was ordered to serve three years of supervised probation upon her release. As conditions of her probation, the defendant was ordered to undergo a mental health evaluation, cooperate in any treatment recommended by counselors, submit to random drug testing and searches of her person and property, enroll and complete a GED program, obtain gainful employment and pay a probation supervision fee of $55 per month. Subsequently, the defendant filed a motion to reconsider sentence which was denied. The defendant now appeals, challenging the sentence imposed as constitutionally excessive. We affirm.
The record reflects that on March 27, 2007, the defendant sold to a confidential informant $20 worth of a substance which was subsequently confirmed to be cocaine. As a result of this conduct, and similar conduct on the day before, the defendant was charged with two counts of distribution of cocaine.
The defendant's motion for reconsideration of sentence merely alleged that the sentence is excessive, under State v. Mims, 619 So.2d 1059 (La.1993). This bare claim preserves for appellate review only a claim of constitutional excessiveness, Mims, supra; State v. McEachern, 624 So.2d 43 (La.App. 2d Cir.1993). Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733; State v. White, 37,815 (La. App.2d Cir.12/17/03), 862 So.2d 1123.
A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La. 1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, supra; State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
In the instant case, the district court ordered a pre-sentence investigation report and noted that the defendant had several misdemeanors, including a conviction for possession of marijuana. Indicating that it had considered the factors set forth in LSA-C. Cr. P. art. 894.1, the court imposed the aforementioned sentence. The sentencing range for the defendant's conviction is imprisonment at hard labor *177 for not less than two nor more than thirty years, with the first two years of the sentence being imposed without benefit of parole, probation or suspension of sentence and an optional fine of not more than $50,000. Therefore, the defendant's sentence falls within the statutory sentencing parameters and is a low-range penalty. Furthermore, when the suspended portion of the sentence is taken into account, the defendant will only be required to serve the mandatory minimum sentence.
On this record, we do not find constitutional error. The sentence is not grossly disproportionate to the seriousness of the offense committed, nor does it constitute a needless infliction of pain and suffering. The defendant was given a substantial reduction in sentencing exposure through this plea agreement and the conditions of the defendant's probation indicate that the trial court adequately considered the mitigating circumstances, including the defendant's alleged drug addiction. The record reflects a sufficient factual basis for the sentence imposed. Defendant has made no showing that the district court abused its wide discretion in imposing this sentence. Consequently, the sentence is not constitutionally excessive.
Therefore, the assigned error is without merit.
We have reviewed the record for error patent and have found none.

CONCLUSION
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.