MOORE, J.
 

 hThe defendant, Dale Earl Marshall, was charged with aggravated rape pursuant to La. R.S. 14:42. After trial, a jury returned a responsive verdict of guilty of molestation of a juvenile, a violation of La. R.S. 14:81.2. Marshall was adjudicated a second felony offender and sentenced to 30 years imprisonment at hard labor without benefit of diminution of sentence. He now appeals, alleging that the 30-year sentence is excessive. For the following reasons, we affirm.
 

 
 *170
 
 FACTS
 

 On January 18, 2004, Dale Earl Marshall, the defendant, was visiting in the home of his five-year old daughter and her mother. The defendant and the girl were in her mother’s bedroom watching television while her mother went to take a bath. After she returned, she sat at the head of the bed and told her daughter to sit near her. Both mother and the child got under the covers while the defendant was putting a movie on for them to watch. Once the movie started playing, the defendant got under the covers from the foot of the bed and began playing with the mother’s legs. The victim became very upset and ran from the room stating words to the effect “I hate when he does that.”
 

 The defendant thwarted the mother’s first attempts to follow her daughter from the room. Concerned about what was troubling the child, the mother went to her daughter’s room to console her. After some questioning by her mother, the child stated that the defendant had pulled her panties to the side and licked her vagina while the mother was bathing.
 

 12After a physical altercation between the defendant and the victim’s mother, the defendant was forcibly pushed out of the home. The child was taken to a local hospital where she was examined and police were contacted. The defendant was eventually arrested and indicted for aggravated rape.
 

 Following a jury trial, the defendant was found guilty of the responsive charge of molestation of a juvenile. Thereafter, the defendant was adjudicated a second felony offender and then sentenced to 30 years of imprisonment at hard labor without diminution of sentence. This appeal ensued.
 

 DISCUSSION
 

 The defendant contends that the maximum sentence imposed in this case is unconstitutionally excessive in that the trial court failed to consider his history and background, or the mitigating factors present in the case. The defendant also contends that the goals of punishment and rehabilitation can be accomplished with a less harsh sentence. In opposition to the defendant’s contentions, the state argues that the trial court considered the appropriate factors prior to imposing the defendant’s sentence and the punishment is proportionate to the seriousness of the offense.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App. 2 Cir. 2/28/07), 953 So.2d 890,
 
 writ denied,
 
 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Hampton,
 
 38,017 (La.App. 2 Cir. 1/28/04), 865 So.2d 284,
 
 writs denied,
 
 04-0834 (La.3/11/05), 896 So.2d 57 and 04-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 
 *171
 
 38,258 (La.App. 2 Cir. 4/22/04), 873 So.2d 747,
 
 writ denied,
 
 04-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Swayzer,
 
 43,350 (La.App. 2 Cir. 8/13/08), 989 So.2d 267;
 
 State v. Shumaker,
 
 41,547 (La.App. 2 Cir. 12/13/06), 945 So.2d 277,
 
 writ denied,
 
 07-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 01-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are 14viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 01-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379.
 

 The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion.
 
 State v. Williams,
 
 03-3514 (La.12/13/04), 893 So.2d 7;
 
 State v. Thompson,
 
 02-0333 (La.4/9/03), 842 So.2d 330;
 
 State v. Hardy,
 
 39,233 (La.App. 2 Cir. 1/26/05), 892 So.2d 710.
 

 When a defendant fails to file a La. C. Cr. P. art. 881.1 motion to reconsider sentence, the appellate court’s review is limited to the bare claim that the sentence is constitutionally excessive.
 
 State v. Mims,
 
 619 So.2d 1059 (La.1993);
 
 State v. Jones,
 
 41,449 (La.App. 2 Cir. 9/20/06), 940 So.2d 61. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate, to the severity of the offense or shocking to the sense of justice.
 
 State v. Lobato, supra; State v. Livingston,
 
 39,390 (La.App. 2 Cir. 4/6/05), 899 So.2d 733.
 

 In this instance, it does not appear that the defendant filed a motion to reconsider sentence with the trial court; thus, review of his sentence is limited to a constitutional review of excessiveness. However, contrary to the defendant’s assertions, we note that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge considered the defendant’s personal history, including his age, family ties, marital ^status, health, employment record. The court noted that the defendant had an extensive criminal record dating back more than 20 years, including three convictions for simple battery, a conviction of simple criminal damage to property, theft, and distribution of cocaine, in addition to the present offense of molestation of a juvenile. The court observed that the defendant also had numerous arrests, including arrests for crimes ranging from aggravated rape, aggravated battery, resisting an officer, attempted armed robbery, and others, all of which were dismissed either pursuant to a plea agreement to other crimes or were not prosecuted. On April 23, 1992, the defendant pled guilty to distribution of cocaine. His five-year sentence was suspended, and he was placed on supervised probation for five years. His probation was revoked, however, at least four times, and he was on parole when he committed the instant offense. The record clearly shows that there is simply no merit to the contention that the trial court failed to consider the factors the defendant alleges were not considered.
 

 Defendant also argues that the court’s imposition of a maximum 30-year hard labor sentence pursuant to his status as a
 
 *172
 
 habitual offender, in effect, amounted to an unconstitutional,
 
 ex post facto
 
 application of the current stricter penalty for molestation of a juvenile. We cannot agree. During sentencing, the court noted that the current' sentencing range for molestation of a juvenile when the victim is under the age of 13 years is a hard labor sentence of 25 years to life, without eligibility of parole for the first 25 years. However, the court expressly stated that it was sentencing the defendant under the law in effect at the time of the offense, which provided |¿for a sentence with or without hard labor from one to fifteen years when the offender has control or supervision of the juvenile. Because the defendant was adjudicated a second felony offender under La. R.S. 15:529.1(A)(2)(a), the habitual offender sentencing range for molestation of a juvenile was not less than 7 ½ years, nor more than 30 years with or without hard labor. Although the court noted that under the current statute, the defendant could have faced a harsher sentence, it is clear from the sentencing transcript that the court fashioned the sentence under the applicable law and thorough consideration of the factors under La. C. Cr. P. art. 894.1, including the pre-sentence investigation, the statements of the victim, the victim’s mother, and the impact this crime -will have on the victim.
 

 We find that the defendant’s 30-year sentence at hard labor is not grossly out of proportion to the seriousness of the offense when considering the fact that the defendant, a second felony offender, sexually violated his five-year-old daughter. This crime occurred while the defendant was on supervised release for his prior conviction. In reviewing the totality of the circumstances, the imposition of the maximum sentence for this defendant cannot be said to be nothing more than a purposeless and needless infliction of pain and suffering nor a shock to our sense of justice. Accordingly, the maximum sentence imposed in this case is within the trial court’s discretion and is not constitutionally excessive.
 

 CONVICTION AND SENTENCE AFFIRMED.