STEWART, J.
 

 |,The defendant, Darkeldrius Cooper, pled guilty to two counts of distribution of a Schedule II controlled dangerous substance (CDS), namely cocaine, in violation of 40:967(A). Cooper was sentenced to 27 years at hard labor on each count, to run concurrently, without benefit of probation, parole, or suspension of sentence for the first two years. The defendant now appeals, urging that his sentence is excessive. For the reasons discussed below, we affirm the defendant’s sentence.
 

 FACTS
 

 In April of 2008, the Webster Parish Sheriffs Office obtained information that Cooper had been distributing crack cocaine in Springhill, Louisiana, and arranged for a confidential informant to attempt to buy drugs from him. The informant successfully bought $20.00 worth of crack cocaine from Cooper on April 10, 2008, and $40.00 worth of crack cocaine from the defendant on April 29, 2008. Both incidents took place in Springhill, Louisiana, in Webster Parish, and were captured on video and audio tape. The substances bought from Cooper were sent to the North Louisiana Crime Lab to be tested and were confirmed to be crack cocaine.
 

 On September 4, 2008, Cooper was charged by a bill of information with two counts of distribution of a Schedule II Controlled Dangerous Substance, namely cocaine. Pursuant to a plea agreement, he pled guilty to the charge on March 9, 2009, and the state agreed to dismiss several unrelated charges including aggravated flight from an officer, possession of cocaine with intent to distribute, careless operation of a motor vehicle and failure to stop at a stop sign, possession of marijuana with intent to |2distribute, aggravated burglary, unauthorized use of a vehicle, and theft. The state also agreed not to file a multiple offender bill against the defendant. A presentence investigation report (PSI) was ordered.
 

 Cooper was sentenced to 27 years at hard labor on each count, to run concurrently, without benefit of probation, parole, or suspension of sentence for the first two years, pursuant to La. R.S. 40:967(B)(4)(b). His motion to reconsider sentence, which urged only excessiveness of sentence, was subsequently denied. Cooper now appeals.
 

 LAW AND DISCUSSION
 

 In Cooper’s sole assignment of error, he alleges that the trial court erred in imposing this sentence upon him. More specifically, he asserts that as a second felony offender, with a prior conviction for possession of cocaine, he should not have received a sentence “anywhere near the maximum sentence which the trial court could have imposed.”
 

 
 *354
 
 Since Cooper’s motion for reconsideration merely alleged that the sentence is excessive, under
 
 State v. Mims,
 
 619 So.2d 1059 (La.1998), he is “simply relegated to having the appellate court consider the bare claim of excessiveness.” Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice.
 
 State v. Lobato,
 
 603 So.2d 789 (La.1992);
 
 State v. Livingston,
 
 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733;
 
 State v. White,
 
 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
 

 A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not |sset aside a sentence as excessive.
 
 State v. Williams,
 
 03-3514 (La.12/13/04), 893 So.2d 7;
 
 State v. McCall,
 
 852 So.2d 116237 (La.App.2d Cir. 8/20/03),
 
 m~it denied,
 
 04-0039 (La.12/17/04), 888 So.2d 858. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.
 
 Id.
 

 In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show, as it does here, that the trial court took cognizance of the criteria set forth in La. C.Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Dunn,
 
 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641.
 

 The articulation of the factual basis for a sentence is the goal of La.C.Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr. P. art. 894.1.
 
 State v. Landos,
 
 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Jones,
 
 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392,
 
 writ denied,
 
 00-1467 (La.2/2/01), 783 So.2d 385.
 

 Second, the determination of whether the sentence imposed is too severe is contingent upon the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 After reviewing the record, we do not find the defendant’s sentence is constitutionally excessive. The record reveals that the trial court considered the aggravating and mitigating circumstances, thereby complying with La.C.Cr. P. art. 894.1, and tailored the sentence to the instant offense and this offender. The presentence investigation report reviewed by the trial court indicates that the background of the defen
 
 *355
 
 dant and the circumstances of the case support the 27-year sentence.
 

 Cooper is a second felony offender and the instant offense is not an isolated incident, but rather involves two separate incidents of selling crack cocaine over the span of a month. Additionally, not only did the defendant receive less than the maximum sentence for this offense, but he also received a significant reduction in potential exposure to confinement |5through his plea bargain agreement because the state agreed not to file a multiple offender bill.
 

 The imposition of the 27-year concurrent sentence is not grossly disproportionate to the severity of the offense, nor is it shocking to the sense of justice. Finding no manifest abuse of discretion, this court may not set aside this sentence as excessive.
 

 CONCLUSION
 

 For the foregoing reasons, the conviction and sentence is affirmed.
 

 AFFIRMED.