STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1541


STATE OF LOUISIANA

VERSUS

BIANCA TURNER


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 147577-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


JOHN D. SAUNDERS
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.


**AFFIRMED.**

**Hon. Charles A. Riddle III**
**District Attorney, 12th JDC**
**Miche', Moreau, Assistant District Attorney**
**P. O. Box 608**
**Marksville, LA 71351**
**(318) 253-6587**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Donald Ray Dobbins**
**Attorney at Law**
**327 North Boulevard Suite #103**
**Baton Rouge, LA 70801**
**(225) 387-6010**
**Counsel for Defendant/Appellant:**
**Bianca Turner**

**SAUNDERS, Judge.**

Defendant, Bianca Turner, was charged by bill of information with one count of aggravated second degree battery, a violation of La.R.S. 14:34.7. A jury trial commenced on July 7, 2009, and on the same date, Defendant was found guilty as charged. Defendant was sentenced on August 25, 2009, to six years at hard labor with credit for time served. A "Motion to Reconsider Sentence," was filed on September 10, 2009, which was denied without a hearing or written reasons.

Defendant has perfected a timely appeal wherein she raises one assignment of error, that the sentence of six years is excessive under the circumstances of the case. For the following reasons, we find that the trial court did not abuse its vast discretion when it sentenced Defendant to six years imprisonment. Accordingly, we affirm Defendant's sentence.

**FACTS**:

Defendant went to the home of the victim, Audra Stelly, looking for another friend whom she had fought with earlier in the day. Defendant was armed with a kitchen knife. She argued with Ms. Stelly, they began to fight, and Defendant stabbed Ms. Stelly several times. Ms. Stelly sustained serious, life-threatening injuries and permanent physical damage.

**ASSIGNMENT OF ERROR:**

For her sole assignment of error, Defendant asserts that the six-year imprisonment at hard labor sentence is constitutionally excessive under the circumstances of her case. We disagree.

While discussing a six-year sentence imposed on a defendant for the offense of aggravated second degree battery, this court stated:

> Louisiana Revised Statutes 14:34.7(B) provides that "[w]hoever commits the crime of aggravated second degree battery shall be fined

not more than ten thousand dollars or imprisoned, with or without hard labor, for not more than fifteen years, or both." Thus, the defendant received a sentence that is less than one-half of what he could have received. Still, a sentence which falls within the statutory limits may be excessive under the particular circumstances of a given case. *State v. Sepulvado*, 367 So.2d 762 (La.1979). To constitute an excessive sentence, the penalty must be grossly disproportionate to the severity of the crime or be nothing more than needless imposition of pain and suffering. *State v. Howard,* 414 So.2d 1210 (La.1982). Additionally, the trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *Id*. Thus, the question before this court is not whether imposition of another sentence would be more appropriate, but whether the trial court abused its discretion. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied,* 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Lee*, 08-456, pp. 6-7 (La.App. 3 Cir. 11/5/08), 996 So.2d 1217, 1221-22.

In brief, Defendant argues that the trial court failed to take into consideration several compelling mitigating factors when it fashioned her sentence, with the Defendant's children being the "second most compelling factor for as[sic] lesser sentence[,] because courts traditionally recognize 'undue hardship' on innocent children when imposing sentence." Defendant also points out that she was a first-time felony offender and that she "showed remorse, apologized to the victim, court and their friends."

At the sentencing hearing, Ms. Stelly briefly described her injuries and stated that she thought Defendant should do some time. Defendant also spoke at the hearing, stating "I just want to apologize to Audra and her family for what I did."

The trial court noted for the record that it had received several letters regarding Defendant's potential to be an upstanding, law-abiding citizen, noting that while several of the letters indicated that she would not deliberately hurt anyone, it was obviously not true in the current case. The trial court stated:

2

What I did in deciding sentencing is I looked at the factors that are set forth in Article 894.1 of the Louisiana Code of Criminal Procedure. I do find that there is an undue risk concerning the activity committed by Bianca Turner in this case. There is a undue risk that during any period of a suspended sentence she would commit another crime. She is in definite need of correctional treatment which can be provided most effectively by commitment to an institution and any lesser sentence that I issue herein would deprecate or lessen the seriousness of her crime. In reviewing aggravated factors, Ms. Turner[,] I find the following to exists[sic]. First of all[,] your conduct during the commission of this crime manifested deliberate cruelty to Audra Stelly. The evidence adduced at trial confirmed that after the initial altercation between you and another individual you had several occasions and a long period of time wherein you could have removed yourself from any further conflict or refrain from any further criminal activity. Instead, the evidence confirmed that you made a cold and calculated decision to arm yourself with a knife. To go to the home of Audra Stelly seeking out the other person that you were fighting that you had fought with [sic]. However, then getting into an argument with Ms. Stelly[,] and in doing and inflicting [sic] a serious near fatal stab wound to the chest of Audra Stelly. The medical evidence confirms that Audra Stelly was near death. This is deliberate cruelty. The second aggravating factor is that you knowingly created a risk of death or great bodily harm by arming yourself with a knife and you even testified that you had the intent to use the knife. Although not the intent initially on Audra Stelly, you had the intent to use it. The third factor is that you used actual violence, an admission of the offense. The fourth factor is that this offense resulted in a significant, permanent injury to Ms. Stelly which will be the scarring to the chest area and the injuries to the nerve damage in her hand. Also, an aggravating factor is you used a dangerous weapon in the commission of the offense. In considering mitigating factors, these are factors that I have to consider that would help to lessen the sentence. I find the following: No. 1, you have no history of a prior of [sic] any prior criminal activity. No. 2, the imprisonment of you will entail a hardship on your children and No. 3, I received several letters which would constitute mitigating factors.

. . . .

I also looked at prior cases such as yours that went before the higher courts that were reviewed. I found one similar case in <u>State vs. Lee</u>, where a first offender such as you received on the crime of this same crime Aggravated Second Degree Battery a six year sentence was not considered to be excessive considering that this was less than one half of the maximum which is fifteen years. I looked at many other cases which seven, eight, nine, ten, eleven, twelve years were given but never for a first offender was that upheld. It was always on a second or third offender or if other crimes were involved. We must also remember that

3

in this case very easily you could have been charged with Attempted Murder instead of Aggravated Second Degree Battery and therefore and which would be facing a much [more] serious sentence.

Given the above, we find that the trial court took adequate consideration of the mitigating factors that contributed to lessening Defendant's sentence, including comparing her situation to similarly situated defendants. *See Lee*, 966 So.2d 1217.

In *State v. Smith,* 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied,* 03-562 (La. 5/30/03), 845 So.2d 1061, this court noted:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

In *State v. Livingston,* 39,390 (La.App. 2 Cir. 4/6/05), 899 So.2d 733, our second circuit did not find a thirteen-year sentence excessive for a first-time felony offender who was originally charged with attempted manslaughter, but pled guilty to aggravated second degree battery. The defendant had kicked the victim several times in the face and stomach with steel-toed boots. While the injuries sustained by the victim in the current case were not as severe as the injuries sustained by the victim in *Livingston*, they were no less life-threatening. In the current case, the trial court presided over Defendant's trial and heard the testimony and was in the best position to sentence Defendant. During the sentencing hearing, the trial court noted that he knew Defendant and her family personally and was aware of the hardships imposed

4

on her and her children, yet had to consider the seriousness of the crime and injury she caused the victim. For all of the above reasons, this court cannot say that the trial court abused its considerable discretion when it sentenced Defendant to six years at hard labor. The term of imprisonment is not such that would shock this court's sense of justice.

## **DECREE:**

Defendant's sentence is affirmed.

**AFFIRMED.**