MOORE, J.
11 After pleading guilty to one count of distribution of cocaine in violation of La. R.S. 40:967, the defendant, Alvin Washington, was sentenced to a term of imprisonment of 25 years at hard labor, the first two of which are to be served without benefit of probation, parole, or suspension of sentence. Washington now appeals, alleging that his sentence is excessive under the circumstances. For the following reasons, we affirm.
FACTS
On May 18, 2010, Washington sold five rocks of cocaine worth $100 to an undercover agent in Minden. The transaction was recorded with video and audio devices. The district attorney filed a bill of information on August 18, 2010, charging Washington with one violation of La. R.S. 40:967(A), distribution of a Schedule II controlled dangerous substance, cocaine.
The defendant originally entered a plea of not guilty. On November 8, 2010, after the district attorney offered the defendant a plea bargain agreement in which the state agreed not to file a multi-bill, the defendant changed his plea to guilty. The trial court accepted his guilty plea that day and ordered a presentence investigation.
Washington was sentenced on December 17, 2010. Judge Jeff Cox reviewed the presentence investigation, noting that the defendant told the investigator that he sold the cocaine because he had mortgaged his house and was in financial need. Washington stresses that he was behind on his bills and was in danger of losing his house and his car, and had a wife and child to support. The judge considered those factors, but observed also that 12the defendant *442 had an extensive criminal record that included three felonies consisting of armed robbery in 1982, for which he had been sentenced to 20 years in prison; distribution of cocaine in 2007, for which he had been sentenced to five years, with all but two years and nine months suspended; and the current offense to which he had pled guilty. The judge also noted that in the past the defendant had pled guilty to simple possession of marijuana and simple battery. With regard to his past criminal record, the trial judge stated that the defendant had been placed on parole on the first distribution of cocaine conviction, but that he had violated parole and it was revoked in June of 2010.
The judge considered social factors that included the defendant’s age, family history, education, and employment history. He noted that the defendant was in good health mentally and physically. The judge informed the defendant that he had reviewed La. C. Cr. P. art. 894.1 and had taken into consideration all of the factors in the article. He concluded that any lesser sentence than the one he was going to impose would deprecate the seriousness of the crime. He then sentenced the defendant to 25 years imprisonment at hard labor, with the first two years to be served without benefit of probation, parole or suspension of sentence. The defendant was given credit for time served.
On January 14, 2011, the defendant filed a motion to reconsider sentence. He alleged that the sentence was excessive and appeared to be merely punitive although within statutory limits. The defendant contends that the sentence would not achieve any goals of rehabilitating him. The Rmotion to reconsider the sentence was denied on January 25, 2011. Washington filed this appeal seeking review of his sentence.
DISCUSSION
Washington raises two assignments of error. By his first assignment, he contends that the 25-year hard labor sentence is excessive in this case because the violation involved only a small amount of crack cocaine sold to an undercover officer. He claims that because he is 51 years old, he is facing incarceration until he is 76 years old, rendering the sentence unconstitutionally excessive. Washington argues that he has accepted responsibility for his actions by entering a guilty plea. Considering that his crime was a single sale of $100 worth of crack cocaine to an undercover agent, the 25-year sentence is grossly disproportionate to the severity of the crime, and serves no useful purpose in this case.
Washington further explains that financial pressure led him to commit the crime. Both his wife and daughter are in school, and he needed money to pay his car note and bills. He claims that he is remorseful and is currently enrolled in a recovery program. Furthermore, he states that he has been employed and has a job waiting for him when he is released, and that he has a wife and a daughter to support. Therefore, he suggests the sentence imposed is excessive and is not tailored to fit him individually.
The state opposes any reduction in the sentence, arguing that the sentence imposed by the court is within the statutory guidelines. The state observes that the trial judge considered the provisions of La. C. Cr. P. art. 894.1, and that there is no need for the judge to consider all the factors of |4the article, as long as he articulates some reasons for his decision. In this case, the judge considered the defendant’s aggravating and mitigating circumstances along with the presentence investigation when he made his decision. Therefore, the state argues, the trial judge did not abuse his discretion in im *443 posing a sentence within the guidelines of the statute, and the sentence does not shock one’s conscience.
The defendant’s motion to reconsider sentence raised only the issue that the sentence was constitutionally excessive, arguing that the sentence appears to be merely punitive and will not achieve any goals of rehabilitation. However, the appellant failed to make any arguments in his brief about the sentence lacking rehabilitative value; therefore, this issue is deemed to be waived. The appellate court’s review is limited to the claim of constitutional excessiveness.
The constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. La. C. Cr. P. art. 881.1. State v. Marshall, 44,759 (La.App. 2 Cir. 10/28/09), 26 So.3d 168.
A sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379. If adequate compliance with sentencing guidelines is found, the reviewing court must determine whether the sentence imposed is too severe in light of this particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Boudreaux, 07-0089 (La.App. 4 Cir. 8/15/07), 966 So.2d 79, writ denied, 07-1936 (La.2/1/08), 976 So.2d 717.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App. 2 Cir. 5/12/04), 873 So.2d 939.
In this particular case, the judge stated that he had looked at La. C. Cr. P. art. 894.1 and had taken into consideration all Code of Criminal Procedure articles. He specifically addressed two of the considerations in Subsection A of La. C. Cr. P. art. 894.1 when he pronounced the defendant’s sentence. Among other factors, the court specifically noted that the defendant had violated the terms of his parole from a previous drug conviction. He also stated that a lesser sentence would deprecate the seriousness of the defendant’s crime. The trial judge took cognizance of the defendant’s family history and family relationships, work history, education, and prior criminal history when he sentenced the defendant to 25 years in |fiprison. He recognized that the defendant was being sentenced for his third felony conviction. Although the trial judge did not mention this at the sentencing hearing, by pleading guilty, the defendant avoided the threat of being multi-billed as a repeat felony offender, which would have added many more years to his sentence. Therefore, he had already received some benefit in exchange for the guilty plea. The 25-year sentence imposed falls within the statutory parameters for sentencing.
We conclude that the trial judge did not abuse his discretion in sentencing this defendant. The sentence is not grossly disproportionate to the crime committed in *444 light of the defendant’s criminal history, and the sentence imposed does not shock our sense of justice.
Accordingly, this assignment of error is without merit.
By his second assignment, the defendant alleges that the trial court failed to adequately consider the factors listed in La. C. Cr. P. art. 894.1 to justify the sentence imposed.
As indicated by our review of the first assignment of error, the defendant’s allegation that the trial court failed to adequately consider the factors listed in La. C. Cr. P. art. 894.1 is without merit. The record clearly demonstrates that the court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The defendant further contends that the court should consider the small amount of crack cocaine involved, his work history and family ties, and most importantly, his age and general health. He contends that the 25-year sentence imposed is, in effect, a life sentence since he is already 51 years old.
17We conclude that the trial court adequately considered the relevant factors of La. C. Cr. P. art. 894.1, including most of those raised by the defendant in this assignment, and the court did not abuse its discretion in imposing sentence. Even so, we note that because the defendant failed to raise this claim in his motion to reconsider sentence, he is precluded from raising the issue now on appeal. La. C. Cr. P. art. 881.1(E). Therefore, this assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.