948 So.2d 379 (2007)
STATE of Louisiana, Appellee,
v.
Katrina ROBINSON, Appellant.
Nos. 40,983-KA, 40,984-KA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 2007.
*380 Peggy Sullivan, Louisiana Appellate Project, Jack W. Slaid, Indigent Defender Board, for Appellant.
J. Schuyler Marvin, District Attorney, Marcus Patillo, Assistant District Attorney, for Appellee.
Before WILLIAMS, GASKINS and DREW, JJ.
GASKINS, J.
The defendant, Katrina Robinson, entered a guilty plea to second degree battery and was ordered to serve three years at hard labor. She also entered a guilty plea to aggravated second degree battery and was ordered to serve 10 years at hard labor, with the sentences to be served consecutively. Noting constitutional error in the guilty pleas, we originally vacated the convictions, set aside the sentences, and remanded for further proceedings. State v. Robinson, 40,983 (La.App.2d Cir.5/17/06), 930 So.2d 345. The Louisiana Supreme Court reversed our decision and remanded the matter back to this court for consideration of the defendant's assignments of error which were pretermitted on the original appeal. State v. Robinson, XXXX-XXXX (La.12/8/06), 943 So.2d 371. We now affirm the defendant's convictions and sentences.

FACTS
On December 5, 2004, the defendant engaged in an altercation in which she cut her sister, Felicia Robinson, with a knife. The defendant was charged with aggravated battery. On March 11, 2005, the defendant shot her boyfriend, Laverto Shine. She was charged with attempted second degree murder.
On June 13, 2005, the defendant entered guilty pleas to reduced charges in both matters. Pursuant to a plea agreement, the defendant was allowed to plead guilty to second degree battery in the altercation with her sister and aggravated second degree battery in the shooting of her boyfriend. The court then imposed the sentences set forth above. Timely filed motions to reconsider the sentences were denied by the trial court. The defendant argues that the trial court erred in imposing excessive sentences.

LEGAL PRINCIPLES
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
*381 A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App.2d Cir. 2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Bradford, supra.

DISCUSSION
The defendant argues that she was only 22 years old at the time of these offenses. She claims that both offenses were committed in self-defense. She also asserts that she is a first felony offender. She contends that the combined sentences equaling 13 years are excessive and that she has a young child who will grow up without a mother. The defendant points out that she thought that the charges regarding her sister had been dropped, although she pled guilty to second degree battery.
The trial court considered the defendant's age, family history and educational background in imposing sentence. The trial court noted that the altercation involving the defendant's sister occurred when the defendant's child spilled some milk and the sister slapped the child. The confrontation between the defendant and her sister escalated. The sister was not seriously injured, and she stated that she was not sure if she was cut by the knife or by a doorframe.
Regarding the incident in which the defendant shot her boyfriend, the court stated that the defendant claimed she was being abused by her boyfriend and she shot him in self-defense. He was shot in the leg and the face. The court noted that the investigation contradicted the defendant's statement that she shot the man in self-defense. According to the court, she had a gun in her purse and fired at the boyfriend as he fled from her. She reloaded and pursued him, eventually shooting him in the face. The court noted that both offenses to which the defendant pled guilty were violent crimes.
The court stated that the defendant's criminal history included a conviction for failure to return a leased movable. The court noted that the defendant has a pending charge of aggravated battery arising from an incident in which she allegedly cut another woman on the face with a knife.
Due to the nature of the offenses, the defendant's criminal history, and the current pending charge, the court found that the defendant would continue to commit violent crimes. The court then imposed the sentences set forth above.
The record shows that the trial court adequately articulated the reasons for the sentences imposed. Further, based upon this record and particularly in light of the defendant's demonstrated violent nature, the sentences imposed were not constitutionally excessive. The sentences do not *382 shock the sense of justice and were tailored to the offender and the offenses. Also, the defendant received the benefit of a favorable plea bargain agreement. We find that the sentences imposed were not excessive and are affirmed.

ERROR PATENT
We note as error patent that the trial court failed to adequately inform the defendant of the time delays for applying for post-conviction relief. The trial court simply said, "Two years to seek post conviction relief." The trial court did not inform the defendant that she had two years from the date the convictions and sentences become final in which to seek post-conviction relief.
The Louisiana Supreme Court has held that La. C. Cr. P. art. 930.8(C), which requires the trial court to inform the defendant of the limitations period for filing an application for post-conviction relief, is supplicatory language which does not bestow an enforceable right on an individual defendant. State v. Hardy, 39,233 (La. App.2d Cir.1/26/05), 892 So.2d 710. The trial court should have advised the defendant that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922. The defendant is hereby notified in this opinion of the appropriate delay.

CONCLUSION
For the reasons stated above, we affirm the convictions and sentences of the defendant, Katrina Robinson.
AFFIRMED.