BROWN, Chief Judge.
| (Defendant, Maurice Dwayne Washington, pled guilty to failing to register as a sex offender, a violation of La. R.S. 15:542.1.4, and was sentenced to eight years of imprisonment at hard labor without benefit of probation, parole or suspension of sentence (but with credit for time served). Defendant now appeals, asserting that his sentence is excessive. Finding no error, we affirm.

*923
Discussion

Between the dates of February 2, 2000, and May 19, 2008, defendant failed to register as a sex offender as required in connection with a 2000 conviction for contributing to the delinquency of a juvenile.[1] Defendant pled guilty to failing to register as a sex offender on September 17, 2008.
On appeal, defense counsel urges that defendant’s sentence is excessive because he has not been arrested for a sex crime or shown himself as a threat to the community since his 2000 conviction. Defendant further argues that the trial court failed to specify any facts related to the underlying crime which would warrant such a sentence.
At the sentencing hearing, the trial court discussed the pre-sentence investigation report and the La. C. Cr. P. art. 894.1 factors, as well as defendant’s personal and criminal history. The trial court noted that defendant had a lengthy criminal history and discussed the details of his past convictions. The court found that defendant was in need of |gcorrectional treatment that could be provided most effectively by commitment to an institution and that a lesser sentence would deprecate the seriousness of the crime. Also, the court found no grounds which would excuse or justify, defendant’s criminal conduct, which the court opined was likely to recur. The trial court sentenced defendant to eight years of imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Defendant’s timely filed motion to reconsider sentence was denied after a contradictory hearing.
At the hearing on the motion to reconsider, defense counsel argued that, although defendant had an extensive criminal history, it consisted mostly of misdemeanors and petty crimes, not sex crimes. Defendant’s attorney further noted that defendant had not been convicted of a sex crime in the approximately eight years since his guilty plea [to contributing to the delinquency of a minor].
The trial court pointed out that defendant had never registered as a sex offender, something he would have been required to do until 2016. The court then found that defendant’s criminal record, which includes two prior felonies and 29 misdemeanor convictions, as well as the facts of the instant case, would most likely have supported the maximum sentence of ten year's.
A sentence violates La. Const, art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is 13considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App. 2d Cir.01/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App. 2d Cir.04/02/98), 691 So.2d 864.
In the instant case, the trial court considered the PSI and other relevant factors in sentencing defendant to eight years at *924 hard labor, particularly defendant’s extensive criminal history and the fact that defendant had failed to register as a sex offender for approximately eight years. The trial court reiterated its reasons for sentencing at the hearing on defendant’s motion to reconsider. This sentence is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. Defendant’s sentence is equal to the period of time he failed to register as a sex offender. We find no abuse of the trial court’s vast discretion in this matter.
Defendant’s conviction and sentence are AFFIRMED.

. At the guilty plea hearing in connection with the instant offense, the prosecutor advised the trial court that although in 2000, defendant had been arrested and charged with carnal knowledge of a juvenile, a violation of La. R.S. 14:80, for having "consensual” sex with a 15-year-old, he pled guilty to contributing to the delinquency of a minor, a violation of La. R.S. 14:92(A)(7), pursuant to a plea agreement.