PEATROSS, J.
 

 |! Defendant, Christopher Emmanuel El-zie, was charged with armed robbery in violation of La. R.S. 14:64, two counts of aggravated burglary in violation of La. R.S. 14:60, conspiracy to commit armed robbery in violation of La. R.S. 14:26 & 14:64, two counts of conspiracy to commit aggravated burglary in violation of La. R.S. 14:26 & 60 and aggravated battery in violation of La. R.S. 14:34. Pursuant to a plea bargain, Defendant pled guilty to armed robbery and was sentenced to 13 years’ imprisonment at hard labor without the benefit of probation, parole or suspension of sentence. Defendant now appeals. Defendant’s appellate counsel has filed a motion to withdraw, together with a
 
 Benjamin
 

 [1]
 

 brief in support of the motion.
 

 For the following reasons, the motion to withdraw is granted and Defendant’s conviction and sentence are affirmed.
 

 DISCUSSION
 

 As stated, Defendant was charged by bill of information with one count of armed robbery, two counts of aggravated burglary, one count of conspiracy to commit armed robbery, two counts of conspiracy to commit aggravated burglary and one count of aggravated battery. On July 12, 2010, as part of a plea agreement, Defendant pled guilty as charged to one count of armed robbery in exchange for the State’s agreement to drop the remaining charges and not to file a habitual offender bill against Defendant.
 

 During the plea colloquy, Defendant admitted that, on February 4, 2009, he and his brother and two other acquaintances went to someone’s Rapartment with the intent of breaking into the residence. His brother was armed with a revolver when the two men encountered Brian Dushense exiting a vehicle. Defendant grabbed and held Dushense while Defendant’s brother struck the victim with a “long pipe” revolver and demanded access to the apartment. Defendant went through Dushense’s vehicle and took unspecified items of value. Meanwhile, Defendant’s brother attempted
 
 *999
 
 to break into the apartment, but an occupant used a bat to disarm him. In a post-arrest statement, Defendant told police he had broken into the apartment on a prior occasion and taken a PlayStation and that he and the other perpetrators had come to steal items from the apartment again.
 

 After a thorough colloquy with Defendant regarding his constitutional rights under
 
 Boykin
 

 [2]
 

 ,
 
 Defendant pled guilty and the trial judge accepted the guilty plea as free and voluntary. A sentencing hearing was held on December 7, 2001, wherein the trial judge noted his review of the presen-tence investigation report, Defendant’s status as a second-felony offender and his social history. The judge further noted that Defendant’s brother had also entered a guilty plea for his participation in the crime under an agreement that capped his sentencing exposure at 15 years at hard labor. While the sentencing range for Defendant’s conviction exposed him to imprisonment for a term of no less than 10 and no more than 99 years, the trial judge imposed a lesser sentence on Defendant than his brother had received-13 years’ imprisonment at hard labor without the benefit of probation, parole or suspension of sentence. The sentence was ordered to |sbe served consecutively to a previously imposed 5-year sentence for which Defendant’s probation had been revoked as a result of the instant offense.
 

 As previously stated, Defendant’s appellate counsel has filed an
 
 Benjamin
 
 brief seeking to withdraw, which alleges that he could find no non-frivolous issues to raise on appeal.
 
 See Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241;
 
 State v. Mouton,
 
 95-0981 (La.4/28/95), 653 So.2d 1176; and
 
 State v. Benjamin,
 
 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlines the procedural history and the Boykin-compli-ant plea colloquy leading to Defendant’s conviction. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.”
 
 Jyles, supra.
 
 In addition, defense counsel has verified that he has mailed copies of the motion to withdraw and his brief to Defendant in accordance with
 
 Anders, Jyles, Mouton,
 
 and
 
 Benjamin, supra.
 
 Defendant was given an opportunity to file a brief, but has not done so.
 

 This court has conducted an error patent review of the appellate record and no errors patent were found. The bill of information and arraignment were correctly done. No errors patent were found in the guilty plea or sentencing proceedings. The motion to withdraw is granted.
 

 Furthermore, the record supports Defendant’s sentence of 13 years at hard labor without the benefit of probation, parole or suspension of sentence. The trial judge considered the circumstances of Defendant’s crime and the fact that the armed robbery was committed while Defendant 14was serving a probated sentence on a prior felony conviction. He also noted as an aggravating circumstance that actual violence was committed against the victim who, according to the presentence investigation, was pistol-whipped on the shoulder. The trial judge reviewed Defendant’s social history and noted as mitigating circumstances that Defendant was raised by his sister due to his mother’s imprisonment and the fact that Defendant was the father of a young child. Defendant was 19 years old at the time of the offense and had no significant employment history other than some work with a lawn care company. As noted earlier, Defen
 
 *1000
 
 dant was a second-felony offender having previously been convicted for illegal possession of stolen things, for which he was serving a five-year probated sentence.
 

 In addition, the trial judge noted that, while there was no sentencing agreement between the State and Defendant in exchange for the plea, Defendant’s brother had pleaded guilty with a 15-year sentencing cap. In light of the brother’s conduct in the offense being equally as reprehensible as, if not worse than, Defendant’s conduct and the fact that the brother’s criminal history was lengthier than that of Defendant, the trial judge stated his belief that imposing a sentence on Defendant in excess of the cap applicable to his brother would have been unfair. The 13-year sentence imposed on Defendant is not grossly disproportionate to the seriousness of the offense and does not shock our sense of justice. La. Const. Art. 1, § 20;
 
 State v. Smith,
 
 01-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.(1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 CONCLUSION
 

 The motion to withdraw is granted and the conviction and sentence of Defendant, Christopher Emmanuel Elzie, are affirmed.
 

 AFFIRMED.
 

 [1]
 

 .
 
 State v. Benjamin,
 
 573 So.2d 528 (La.App. 4th Cir. 1990).
 

 [2]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).