PEATROSS, J.
 

 | ¶Defendant, Gregory D. Dixon, pled guilty as charged to one count of attempted second degree murder and one count of second degree battery. He was sentenced to a term of 38 years at hard labor without the benefit of probation, parole or suspension of sentence on the attempted second degree murder conviction and to a term of 3 years at hard labor on the second degree battery conviction, with the sentences to be served consecutively. Defendant now appeals his sentences. For the reasons stated herein, the sentences of Defendant are affirmed.
 

 FACTS
 

 The convictions in this case arise out of two separate incidents involving the same victim. On December 17, 2009, police were called to E.A. Conway Hospital in Monroe, Louisiana, to respond to a battery complaint. There they made contact with the victim, Willie K. Wilson, who stated that she and her boyfriend, Defendant Gregory Dixon, had gotten into an argument when Defendant started to punch and choke her before pushing her to the ground, where he punched her again. He also used a box cutter to cut her hand.
 

 On January 22, 2010, Defendant summoned the victim to his work under the pretense that he had some money to give her. When she arrived, they started arguing about calls she was allegedly taking on her cell phone from other men. After struggling over her cell phone, Defendant pulled the victim out of her car by her shirt, opened the trunk to the vehicle and tried to push her in. During the altercation, Defendant produced a blue and silver box cutter and threatened to kill her. Ms. Wilson briefly broke free, but fell 12to the ground when she ran into a trailer hitch. Defendant dragged her back to her car and started to stab her with the box cutter. When one of Defendant’s coworkers appeared in response to Ms. Wilson’s screams for help, Defendant fled. Ms. Wilson sought medical help at the nearby Landmark Nursing Home where she worked. From there, she was transported to Glenwood Regional Medical Center where her medical records indicate she was treated for numerous lacerations which she received on her head, under her left breast, torso, shoulder and forearm.
 

 Later that evening, Defendant tried to flee from law enforcement officers who had been on the lookout for his vehicle. After a vehicular chase on Interstate 20, Defendant crashed his vehicle and fled on foot. A subsequent K-9 assisted search of the area located Defendant in a trailer he had broken into near the Interstate Frontage Road.
 

 Defendant was charged by bill of information filed on February 2, 2010, with the
 
 *253
 
 December 17, 2009 second degree battery of Ms. Wilson. In a separate bill of information filed on February 5, 2010, Defendant was charged with the January 22, 2010 attempted second degree murder of Ms. Wilson. Defendant entered pleas of not guilty to both charges and the matters were set for trial. Also pending against Defendant in connection with his conduct on January 22, 2010, were charges of unauthorized entry of an inhabited dwelling, simple damage to property and resisting an officer. On January 3, 2011, shortly after the commencement of jury selection, Defendant indicated he wanted to avail himself of a plea bargain offered by the State.
 

 | ¡¡Under the plea agreement, Defendant entered a plea of guilty as charged to attempted second degree murder and second degree battery and the State dismissed the charges of the unauthorized entry of an inhabited dwelling, simple damage to property and resisting an officer. There was no agreement as to sentencing other than the fact that it would be subject to a presentence investigation (“PSI”) to be ordered by the trial judge. Defendant came for sentencing on March 9, 2011.
 

 At the sentencing hearing, the trial judge reviewed the contents of the PSI report. The judge noted that Defendant’s criminal history included four prior felony convictions dating back to 1994 which consisted of convictions for simple burglary, attempted simple burglary, arson and simple burglary of an inhabited dwelling. He had also been convicted of misdemeanor domestic abuse of Ms. Wilson in September 2008.
 

 Regarding Defendant’s social history, the judge noted that he was 34 years old and one of three children born to married parents. After his parents divorced, Defendant was passed between his parents’ homes and became a discipline problem when he entered junior high. He was eventually sent to the Johnny Robinson Home for Boys. Defendant dropped out of high school in the ninth grade because he started fathering children and needed to work. He has five children between the ages of 3 and 16. Defendant’s employment history was sporadic; but, in the six years before his arrest on the instant offenses, he had worked for Parker Auto Body where he buffed and detailed vehicles. Defendant also admitted to | /‘extended” marijuana use starting when he was “young” and continuing until his present incarceration.
 

 Defendant provided a written statement, attached to the PSI report, wherein he makes an expression of remorse and asks the court for leniency. The PSI report also indicates that Ms. Wilson gave a statement indicting her belief that Defendant had learned his lesson and that she is no longer afraid of him. She also indicated that she needed his financial help in caring for their children. In summary, the conclusion in the PSI report was that Defendant “is an extremely violent man” who probably would have stabbed Ms. Wilson to death, but for the bystander who responded to her screams for help. The PSI contained the recommendation of the maximum sentences on each count to run consecutively.
 

 The trial judge listed Defendant’s use of a dangerous weapon and his threatened and actual violence toward Ms. Wilson as aggravating factors. Furthermore, the judge found that his conduct manifested deliberate cruelty toward Ms. Wilson who, but for the interruption by one of Defendant’s co-employees, likely would have died.
 

 The judge found that there is an undue risk that Defendant would re-offend during any period of a suspended or probated
 
 *254
 
 sentence and that he is in need of correctional treatment most effectively provided by commitment to an institution. Concluding that any lesser sentences would deprecate from the seriousness of his conduct, the judge sentenced him to 3 years at hard labor on the second degree battery conviction and to 38 years at hard labor without the benefit of probation, parole or suspension of | r,sentence on the attempted second degree murder conviction. The sentences were ordered to be served consecutively, and Defendant was given credit for time served.
 

 Motions to reconsider the sentences imposed in each case were filed on April 7, 2011, wherein Defendant argued only that the consecutive sentences were excessive in light of the hardship the sentences would place on Defendant’s family. Both motions were denied on April 8, 2011. The instant appeal followed.
 

 DISCUSSION
 

 Assignment of Error Number One (verbatim):
 
 The trial court erred by imposing an unconstitutionally excessive sentence.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Landos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267,
 
 writ denied,
 
 08-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259,
 
 writ denied,
 
 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 07-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 01-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 01-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 Second degree murder is punishable by life imprisonment at hard labor. La. R.S. 14:30.1(B). The punishment for attempted second degree murder is imprisonment at hard labor for not less than 10 nor more than |750 years without benefit of parole,
 
 *255
 
 probation or suspension of sentence. La. R.S. 14:27(D)(l)(a).
 

 Second degree battery is punishable by a fine of not more than $2,000 or imprisonment, with or without hard labor, for not more than five years, or both. La. R.S. 14:34.1.
 

 In the case
 
 sub judice,
 
 Defendant received far below the maximum sentences for his crimes of conviction, both of which were crimes of violence committed against the mother of his five children. The second of these offenses could very likely have ended Ms. Wilson’s life. While the trial court took cognizance of Ms. Wilson’s request for leniency and arguably heeded it to some degree, the court would have been well within its discretion to disregard it. In their respective statements to the judge, Ms. Wilson and Defendant rely on the hardship the imposed sentences place on the family. Without minimizing the financial issues faced by Ms. Wilson and her children, we find them to be outweighed by the potential harm posed by Defendant to Ms. Wilson, the children and society.
 

 The sentences imposed on this multiple-felony offender for the instant violent offenses were not grossly out of proportion to the seriousness of the offenses, were not a purposeless and needless infliction of pain and suffering and were not an abuse of the trial judge’s discretion. Accordingly, we find that Defendant’s sentences are not constitutionally excessive and his assignment of error lacks merit.
 

 ¡^CONCLUSION
 

 For the foregoing reasons, the sentences of Defendant, Gregory D. Dixon, are affirmed.
 

 AFFIRMED.