MOORE, J.
|,The defendant, Walter Lee Anderson, was sentenced to serve 30 years at hard labor after he pled guilty to manslaughter, a violation of La. R.S. 14:31. He now appeals, claiming that his sentence is unconstitutionally excessive. For the following reasons, we affirm the defendant’s conviction and sentence.
FACTS
A Madison Parish Grand Jury indicted the defendant on four charges that included second degree murder of Donald L. Lewis (La. R.S. 14:30.1), unauthorized entry of an inhabited dwelling (La. R.S. 14:62.3), possession of or dealing in firearms with obliterated number or mark (La. R.S. 14:95.7), and attempted second degree murder of William Robinson (La. R.S. 14:30.1). The defendant pled not guilty to all charges. On April 14, 2011, defendant withdrew his not guilty plea and pled guilty to an amended bill of indictment charging him with manslaughter of Donald Lewis.
According to the defendant, he and his former girlfriend, Victoria Toldson, lived together in Toldson’s apartment located at 300 Claxton Street, Apt. # 31 in Tallulah until Toldson broke up with him four days prior to the shooting. The couple had two children, one of whom is now deceased. On the evening of March 24, 2010, the defendant made several harassing telephone calls to Toldson. Early on March 25, 2010, at approximately 2:30 a.m., the defendant went to Toldson’s apartment armed with a .38 special revolver with an obliterated serial number. After Toldson would not let him in, the defendant shut off the electricity to the apartment by pulling the breaker switch. He then went to the apartment door, broke it 12down and forced his way inside.
Toldson, her friend Coneshia Coleman, William Robinson and Toldson’s new love interest, Donald Lewis, age 17, were in the apartment. Toldson immediately asked Coleman to call the police, at which time the defendant pulled the phone cord out of the wall and punched Toldson in the face. A fight ensued between the defendant and Lewis. As the others were climbing out of a back bedroom window, they heard gunshots.
The Madison Parish Sheriffs Office responded to a call at the apartment in reference to shots being fired. Investigator James Rash, the first officer on the scene, switched the breaker box on and found Lewis lying lifeless on the apartment floor with a pistol, later identified as his own, laying approximately three feet from his body. The defendant was subsequently arrested. He confessed to shooting Lewis, but stated that it was in self-defense. Based on information obtained, the police located the .38 caliber pistol used in the homicide in a storage bin behind Apt. 139 of the Martin Luther King apartments where the defendant lived, which are located at 112 James Street in Tallulah. At the guilty plea, he admitted to the facts recited, but he maintained that he shot Lewis when Lewis was on top of him, beating him with a pistol and his fists.
On June 9, 2011, the defendant appeared for sentencing. Prior to imposing the defendant’s sentence, the trial court considered the guidelines set forth in La. C. Cr. P. art. 894.1 and reviewed the PSI which contained a statement from the defendant wherein he admitted that he acted out of feelings of jealousy. The PSI also con *888 tained a statement from the victim’s | smother; she asked that the court impose the maximum penalty of 40 years imprisonment.
The court reviewed the defendant’s social history. Anderson was reared by his grandparents, Mildred and Jessie Anderson, until his grandmother died when he was in the sixth grade. He then moved to Fayette, Mississippi to live with his mother, Sheila Anderson. He attended Jefferson County High School, but dropped out after completing the 9th grade. He moved back to Tallulah and attended Youth Build and a vo-tech program in welding. At the time of the incident, the defendant was only 22 years old. He had a six-year relationship with Victoria Toldson. The couple had a daughter and son together, but the son died at age ten months from an enlarged heart. His daughter, age 5, continues to live with her mother.
The court noted that Anderson had no criminal history as a juvenile or as an adult, except for the instant conviction. Anderson admitted that he used marijuana daily. The defendant was described by his family, friends and clergymen as a quiet, well-mannered, loving and non-violent person. They and Anderson, who has expressed remorse over the shooting, asked the court for leniency. The court expressed its belief that the defendant’s actions were out of character. He was acting out of a jealous rage because a younger man had taken his place as Told-son’s lover in the apartment they once shared with their children.
On the other hand, the court noted that the facts of this case could warrant a conviction for murder rather than manslaughter. Anderson made numerous harassing telephone calls to Toldson. He deliberately turned off |4the breaker that supplied electricity to the apartment. He banged on the apartment door repeatedly, and when he was denied entry, he broke the door down. Once in the apartment, he pulled the telephone line out of the wall and the fight with Lewis ensued. The court noted that Anderson’s actions that led to the fight made him the aggressor, and he was not acting in self-defense, even though the victim had an adult criminal record at age 17, and was known to the court as a troublemaker.
After considering these mitigating (jealousy, social history, and lack of criminal past) factors against the fact that Anderson was clearly the aggressor, and noting that the facts could have supported a conviction and sentence for first or second degree murder, the court sentenced the defendant to serve 30 years’ imprisonment at hard labor. The court also noted that under La. R.S. 15:571.3, Anderson would be required to serve 85% of his sentence before being eligible for parole.
On July 7, 2011, the defendant filed a motion to reconsider the sentence wherein he argued that the trial court failed to consider the victim’s criminal history in light of the defendant’s self-defense claim, and that the court failed to consider the hardship his imprisonment would have on his five-year-old daughter. The trial court issued a written ruling on July 27, 2011. Specifically, the trial court noted that the defendant’s intentional behavior of turning off the electricity, breaking into the apartment with a firearm, shooting at the other occupants and shooting the victim, did not present a factual basis for his self-defense claim. Further, the court also did not find the victim’s criminal history to be a mitigating circumstance, |aconsidering that the incident began as a result of the defendant’s actions. While the court noted it was unfortunate that the defendant’s daughter would grow up with her father in prison, there was no evidence presented *889 that the defendant shared a close relationship with his daughter. Based upon those facts, the court denied defendant’s motion to reconsider the sentence. The defendant now appeals, claiming that the sentence imposed is excessive.
DISCUSSION
By his first assignment of error, the defendant alleges' that the trial court erred in imposing an unconstitutionally excessive sentence. He contends that the 30-year sentence is nothing more than a purposeful infliction of pain and suffering when one considers that the defendant had no prior criminal history and was acting in self-defense. He argues that a shorter sentence of imprisonment followed by supervision would be more appropriate in this case.
The state argues that the defendant’s actions prevented him from claiming self-defense. Additionally, the defendant received great leniency by pleading to manslaughter, where his actions were enough for a conviction of first or second degree murder, which both carry more severe penalties. Further, the trial court reviewed the factors set forth in La. C. Cr. P. art. 894.1, the defendant’s statement, the victim’s mother’s statements, and also considered the defendant’s lack of criminal history, all prior to imposing the defendant’s 30-year sentence.
IfiLa. R.S. 14:31 provides a maximum penalty of imprisonment at hard labor for forty years for manslaughter.
Appellate courts utilize a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2 Cir. 2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App. 2 Cir. 8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App. 2 Cir. 8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2 Cir. 12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
17Second, the court must examine whether the sentence is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. *890 Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. State v. Dunn, 30,767 (La.App. 2 Cir. 6/24/98), 715 So.2d 641; State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. Absent a showing of manifest abuse of that discretion, the appellate court may not set aside a sentence as excessive. State v. Guzman, supra.
Although this young defendant lacked a criminal history prior to the current conviction of manslaughter, there appears to be no abuse of discretion by the trial court when it imposed the 30-year sentence. Prior to sentencing the defendant, the court conscientiously reviewed factors set out in the guidelines of La. C. Cr. P. art. 841 as well as the PSI. The court reviewed the defendant’s social history, lack of a criminal record, comments Land letters from family and friends, and the statements of remorse expressed by the defendant. It concluded that while the defendant’s intentional actions were a result of a jealous rage and out of character, but were also the inexcusable acts of an aggressor not acting in self-defense. The court also noted that the victim’s mother’s statement pleaded to the court to impose the maximum sentence of 40 years’ imprisonment.
The trial court recognized that the defendant received the benefit of a more lenient sentence by pleading guilty to manslaughter, even though the facts of the case were arguably sufficient for a conviction of either first or second degree murder, which carry penalties of life imprisonment or possibly even death.
Considering all of the above, we conclude that the sentence imposed by the trial court is not excessive. The court adequately considered all relevant factors in imposing sentence, and the 30-year sentence is neither grossly disproportionate to the severity of the offense of manslaughter, nor is it shocking to our sense of justice.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.