MOORE, J.
hThe defendant, Valdez Delon Hard-man, pled guilty to cruelty to juveniles, a violation of La. R.S. 14:93 and a charge of attempted distribution of cocaine, a violation of La. R.S. 14:27 and La. R.S. 40:967 A(l). He was sentenced to nine years’ imprisonment at hard labor for the cruelty conviction and ten years’ imprisonment at hard labor for the narcotics conviction, sentences to be served consecutively. A timely motion to reconsider sentence was denied. The defendant now appeals. For the reasons stated below, we affirm the convictions and sentences.
FACTS
On May 1, 2010, an undercover Bossier Parish Sheriffs Office officer wired with audio and video equipment purchased Ec *474 stasy pills (MDMA) and marijuana from the defendant. Another purchase was arranged on May 6, 2010, at the defendant’s home. Again, narcotics agents wired with audio and video equipment purchased crack cocaine for $50 from the defendant. Warrants were issued for the defendant’s arrest for distribution of marijuana, MDMA, and cocaine on November 3, 2010.
On January 25, 2011, J.H.,[1] age 8, returned to school after a one-day absence bearing a large red mark on the side of her face. She was sent to the school nurse for an assessment, during which several other marks were discovered on J.H.’s body. J.H. stated a snake had bitten her. After she was told that she would not be in trouble for giving- the true reason, J.H. reported that her father (she was referring to the defendant, her mother’s boyfriend) whipped her with an extension cord. She reported that her parents put ice |2on the marks in an attempt to make them go away. J.H.’s mother told her to say the mark on her face had come from a bite. J.H. also told detectives and a child protective services worker (“CPS”) that she was whipped because she ate potato chips that belonged to a man, Terry Little, with whom her family lived during that time.
J.H. was taken for a more thorough physical examination by a physician who found bruises too' numerous to count about her thighs, arms, hands, and buttocks. J.H.’s mother was interviewed. She denied that the defendant was living with them and that he was responsible for whipping J.H. She accepted responsibility for whipping J.H. She- was subsequently arrested for cruelty to juveniles, and J.H. was placed in foster care.
Investigators interviewed Terry Little. He confirmed that the defendant, J.H., and her mother were all living with him. Mr. Little knew J.H. had been disciplined for eating his potato chips, but he stated he had not complained. Mr. Little went outside while J.H. was being whipped because he did not like to be around while she was being punished.
The defendant was not at the home when J.H.’s mother was arrested, but he later contacted detectives to arrange a meeting at their office. He failed to . appear. The next day, sheriffs deputies received an anonymous tip where the defendant could be found. The defendant was apprehended in the general area, hiding in the woods. He was placed under arrest for cruelty to juveniles as well as distribution of MDMA, distribution of marijuana, and distribution of cocaine.
|3By plea agreement the defendant pled guilty to cruelty to juveniles and attempted distribution of cocaine. In exchange, the state nolle prossed the remaining charges and agreed not to file a multiple offender bill of information against the defendant. There was no agreement regarding the defendant’s sentence; a presen-tence investigation was ordered. During the sentencing hearing, the trial-judge noted the facts of all of the offenses. He chronicled the defendant’s criminal history that included a prior misdemeanor conviction for contributing to the delinquency of a juvenile and a prior felony conviction for cruelty to juveniles. The defendant’s criminal history included various offenses of battery and domestic violence, which the trial judge noted as part of a history of assaultive behavior against individuals. The defendant’s criminal history was considered as an aggravating factor in determining the sentence while the trial judge considered the defendant’s substance abuse history as a mitigating factor in determining the sentence. After artieulat- *475 ing the reasons for sentencing, the trial judge sentenced the defendant to nine years’ imprisonment at hard labor for cruelty to a juvenile and ten years’ imprisonment at hard labor for attempted distribution of cocaine. The trial judge ordered the sentences to be served consecutively to each other and recommended the defendant for substance abuse treatment and counseling. A timely motion to reconsider the sentence was denied. The instant appeal followed.
Because all proceedings in both matters were conducted simultaneously in the trial court, this court, by order dated February 5, 2012, consolidated the matters for appeal purposes.
J^DISCUSSION
By his sole assignment of error, the defendant alleges that the nine-year sentence at hard labor for cruelty to a juvenile and the ten-year sentence at hard labor for distribution of cocaine, to run consecutively with the other, are cruel and excessive in this case. Specifically, he contends that the 19-year total sentence is grossly disproportionate to the severity of the offenses and serves no useful purpose. The prior felony alluded to by the court at sentencing was committed more than 10 years before the instant offense. The court also noted the several misdemeanor offenses; however, some of these were not convictions. The defendant contends that he is not the worst offender in his offender class and that the record does not support the harsh sentence imposed.
The defendant also argues that he was under the influence of drugs and alcohol at the time of the commission of the offense of cruelty to a juvenile, thereby mitigating his culpability. He has expressed extreme remorse for his actions. He contends that the goals of punishment and rehabilitation can be met in this case with a less severe sentence. He requests the court to vacate the sentence and remand for the imposition of a non-excessive sentence tailored to this offender and offense,
The state contends that the sentence is appropriate for this defendant and is not excessive, noting that the trial court care-funy considered the defendant’s personal history, prior criminal history, the factors enunciated in La. C. Cr. P. art. 894.1, as -well as the circumstances of the offense and the presentenee investigation. The state urges that the sentence be affirmed,
| ¿Review for Excessive Sentence
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2 Cir. 2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,-350 (La.App. 2 Cir. 8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App. 2 Cir. 8/13/08), 989 So.2d *476 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2 Cir. 12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
 | fiSecond, a sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864.
For the crime of cruelty to a juvenile, La. R.S. 14:93 provides that the offender shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more than ten years, or both. For the offense of distribution of cocaine, La. R.S. 40:967 B4(b) provides for “a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.”
Our review of the sentencing transcript indicates that the trial court reviewed' the facts constituting the offenses in great detail and acknowledged the contents of the “offender statement” in which Hardman expressed remorse over what had happened and that he was under the influence of cocaine and alcohol when he committed the abuse against J.H. |7Hardman stated that he was not really the seller of the cocaine and other drugs, but merely served to pass the drugs from seller to buyer. The court reviewed Hardman’s prior criminal record, noting a prior misdemeanor guilty plea for contributing to the delinquency of a minor in 1985; a guilty plea to cruelty to juveniles in 2001 for which he received a five-year sentence, suspended under supervised probation, which was revoked in 2002 and again in 2005 after release for good time. Other misdemeanor offenses included simple battery, two domestic abuse battery incidents, and disturbing the peace by fighting. The court noted that it was unfavorably impressed by the number of defendant’s offenses involving assaultive behavior against individuals and observed that Hardman had not done well on probation or parole.
The court reviewed Hardman’s social history, educational background and work history. It also discussed his problems with substance abuse.
The court specifically referenced La. C. Cr. P. art. 894.1, i.e. the sentencing guidelines, when it rendered its sentences. Under this statute, a court should impose a sentence of imprisonment if (1) there is an undue risk that the defendant would commit another crime during a suspended or probated sentence; (2) the defendant is in need of correctional treatment or a custodial environment which is best provided by commitment to an institution; or, (3) a lesser sentence would deprecate the seriousness of the defendant’s crime. The statute also contains a lengthy list of aggravating |sand mitigating factors that a court may consider when considering a suspended or probated sentence. Here, the court specifically noted that it had *477 reviewed all the factors and found that only the defendant’s substance abuse served to mitigate the offense. As previously stated, it noted that the defendant’s past offenses similarly involved assaultive behavior, which would constitute an aggravating factor under Art. 894.1(12). The court stated that it was imposing this sentence because of the defendant’s history, and noted that any lesser sentence would deprecate the seriousness of his crimes.
After review, we conclude that these sentences, although severe, were specifically tailored to this defendant by the trial court, and they are not constitutionally excessive in this case. Given the fact that the defendant has a prior conviction for cruelty to a juvenile, the facts of which were disclosed in the presentence investigation and need not be repeated here, and the defendant’s clearly skewed perception that he was not really a seller of drugs because he was only holding and delivering them, along with numerous misdemeanors indicating a violent nature, we find that the trial court acted well within its discretion when it imposed these sentences and directed that they be served consecutively.
Furthermore, the defendant’s criminal history, including the fact that he has performed poorly while on supervised release in the past, clearly shows that the defendant has not received any benefit from his previous opportunities to rehabilitate himself. The defendant is in need of anger | management treatment and serious substance abuse treatment which he has been unable to obtain previously but will be available to him during his incarceration.
We conclude that, based on these considerations, the defendant’s nine-year and ten-year consecutive sentences are not grossly disproportionate to his crimes, nor do they constitute a purposeless and needless infliction of pain and suffering.
This assignment is without merit.
CONCLUSION
For the foregoing reasons, we affirm the defendant’s convictions and sentences.
CONVICTIONS AND SENTENCES AFFIRMED.

. Pursuant to La. R.S. 46:1844(W), the minor child will be referred to by initials only.