BROWN, Chief Judge.
|! Following a jury trial, defendant, Travis Kirk Rexford, was convicted of forcible rape. He was charged by a bill of information with six separate counts involving *904 three different women; the state, however, chose to try him on count one, forcible rape. The other counts were passed to be reset.[1] He was sentenced to 12 years at hard labor, with the first two years to be served without the benefit of parole, probation, or suspension of sentence and was ordered to register as a sex offender for life. Defendant now appeals. We affirm defendant’s conviction and sentence.

Facts

On February 1, 2012, the 36-year-old victim (D.L.) and her 19-year-old daughter (J.L.) were at home in Dubberly, Louisiana, several houses down the street from where defendant lived. Kenneth Washington was the daughter’s boyfriend, and he knew defendant, who would occasionally pay Kenneth to do yard work. At times, J.L. would go to defendant’s house with Kenneth. The victim testified that she had never been to defendant’s house or met defendant before February 1, 2012, but that she believed he was a good person based on things her daughter had told her.
On February 1, 2012, defendant came to the victim’s house looking for Kenneth. Defendant was told that Kenneth was at work. Defendant then asked the daughter if she wanted to make some extra money doing housework for him. She agreed and asked her mother to come with her and |2help. When the two women got to defendant’s house, his wife, Danielle Rexford, was leaving in her vehicle. However, defendant’s 15-month-old daughter and five-month-old son were in the house.
Defendant directed the two women to a room in the back of the house and told them to fold baby clothes that were scattered all over the floor. As they were doing so, defendant’s daughter kept walking past the door, but defendant made her go back toward the front of the house. A couple of minutes later, defendant came back into the room and hit J.L. on her back with a stick. J.L. testified that defendant hit her “real hard” with the dull end of the stick, and that her back hurt for a couple of weeks. Both the victim and her daughter described the stick as a wooden club with a nail attached to the end of it with duct tape.
Both women testified that defendant then pushed them, and they ended up sitting on the floor, side-by-side, against the wall. Defendant was standing over them with the stick over their heads and said, “I’m going to beat you bitches to death. If you scream, if you try to run, I will beat you to death,” and “I’m going to make you suck my dick.” The mother told defendant that he could do whatever he wanted to do to her if he would let the daughter go, but defendant refused because once he was done with the mother the daughter was going to be next.
The victim performed oral sex on defendant while he was still holding the stick over her, with her daughter sitting next to or lying under her. The victim tried to put her hand over her daughter’s eyes. Defendant ejaculated in the victim’s mouth. The victim then spit the semen onto her ^daughter’s shirt. At that point, defendant told them to get up off the floor, to go into another room and said, “I’m going to fuck both of you bitches.” He told them that if they ran or screamed, he would beat them to death. As they were walking to the next room, the victim took off running and made it out of the house, *905 followed shortly thereafter by her daughter. The victim then called the police, and the women waited for officers to arrive. The victim testified that one of her shoes came off when she was running out of the house, and the daughter testified that she lost one of her earrings in the house when defendant had them pinned down. The victim testified that what defendant made her do was the most disgusting and embarrassing thing that had ever happened to her. She was worried about STDs and had an AIDS test run at the local emergency room the same day as the sexual assault. She testified that nothing about what defendant did to her was consensual, there was no discussion about or exchange of money, and she did not proposition defendant. The two women went to defendant’s house to do housework, and the only money they discussed was payment for cleaning services. The victim’s daughter testified that defendant did not mention $200 or any other specific monetary amount when he came to her house, and defendant never offered her or her mother money for sex. She testified that defendant forced her mother to perform oral sex on him.[2]
Don Willis, a lieutenant with the Webster Parish Sheriffs Office, testified that he was dispatched to defendant’s house in connection with this incident. When he arrived, he saw the two women in a vacant lot next to |4defendant’s house. Lt. Willis stated that they were screaming, distraught, disheveled and shaken up. Lt. Willis testified as to what the two women told him happened, which was consistent with their trial testimony. Lt. Willis testified that he went to defendant’s home, arrested him and. searched the house. Lt. Willis located the daughter’s earring and the mother’s shoe in defendant’s house, and found the stick/club underneath the back porch of the house. Lt. Willis identified the club introduced into evidence as the one he found underneath defendant’s porch. Lt. Willis stated that he did not take any pictures of the daughter’s injury because there were no marks, bruises, or cuts, and she received no medical treatment for the injury to her back.
Lt. Willis secured several items, including the shirt that the daughter had been wearing during the assault. These were taken to the crime lab for processing. Jennifer Irving, a detective with the Webster Parish Sheriffs Office, testified as to the findings in the crime lab report. The report confirmed that the suspected semen stain on the daughter’s shirt contained defendant’s DNA.
Defendant, Travis Rexford, testified on his own behalf. At the time of the incident he was 27 years old and worked in the oil fields. He testified that on February 1, 2012, he went to the victim’s house to see if Kenneth wanted to do some yard work for him. When he was told that Kenneth was not there, defendant told J.L. that if she did some housework for him, which he claimed was supposed to be a surprise for his wife, he would pay her $200, and she agreed. At his house, defendant stated that after he told both |fiwomen what he wanted them to do, the mother remarked that $200 was a lot of money to do such a little amount of cleaning. He agreed, and the mother asked defendant if he wanted more. Defendant asked her what she was talking about, and she said she was going to give him the best blow job that he has ever had. Defendant stated that he could not turn down this offer, and that after she gave him a blow job, he told her that he was not going to be able to pay her the $200 until later because he did not have *906 any money with him. He stated that at that point, the mother smacked him in his nuts/private area. Defendant testified that he got mad and chased them out of the house with the stick. He stated that he made the stick with the attached nail, and that he used it for protection because he does not believe in having guns. He stated that the two women ran out of his house screaming “crazy stuff like rape.” Defendant testified that he never held the stick in a threatening manner and that he never hit anyone with the stick. Defendant stated that after this incident, he put the stick under the porch because he was afraid that the cops would think he used it against the victims. When the cops pulled up, he was standing outside on his back porch smoking a cigarette.
The defense also presented the testimony of Danielle Rexford, defendant’s wife, and Kenneth Washington. Danielle testified that on February 1, 2012, she left her house to get dinner from McDonald’s. As she was leaving, she saw two women approach the house, but stated that she did not know what they were coming over for. Danielle came back to the house when she got a phone call from defendant, who told her that he was about to 1 ñget arrested for rape. She stated that defendant did not have $200 on the date of this incident because she keeps up with all of their money. Danielle identified the stick and stated that defendant made it. She testified that the stick is usually kept in the bedroom for protection because she does not believe in having a gun in the house with children.
Kenneth Washington testified that on the evening of February 1, 2012, both of the victims came over to his mother’s friend’s house and told him about this incident, even though he was no longer dating J.L. They told Kenneth that while they were folding clothes for defendant, he came in the room holding a bat with a nail in it, said he was going to rape them, and then pulled out his penis and began “jacking off.” Kenneth testified that D.L. never indicated to him that she gave defendant a blow job. Kenneth testified that D.L. has a reputation for being untruthful at times, but only about small things.
Following closing arguments, the jury found defendant guilty as charged of forcible rape. The sentencing hearing was held, and defendant was sentenced on December 17, 2012. A motion to reconsider defendant’s sentence was not filed. On October 17, 2013, defendant requested an out-of-time appeal, which the trial court granted. Defendant has appealed his conviction and sentence.

Discussion

Sufficiency of the Evidence

According to defendant, the evidence was insufficient to prove that he was guilty of forcible rape. He noted that his testimony contradicted that of 17the two women, and the mother has a reputation for untruthfulness. Further, that there is no evidence to support the victim’s improbable version of the events.
The sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the prosecution. The credible evidence consistent with the defendant’s guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. The standard of appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond- a reasonable doubt. This standard, now legislatively embodied in *907 La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Pigford, 05-0477 (La.02/22/06), 922 So.2d 517; State v. Dotie, 43,819 (La.App.2d Cir.01/14/09), 1 So.3d 833, writ denied, 09-0310 (La.11/06/09), 21 So.3d 297.
Forcible rape is defined in La. R.S. 14:42.1, which provides in pertinent part:
A. Forcible rape is committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
la(l) When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
The testimony of a sexual assault victim alone is sufficient to convict a defendant even where the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense by defendant. State v. Drake, 46,232 (La.App.2d Cir.06/22/11), 71 So.3d 452; State v. Robinson, 36,147 (La.App.2d Cir.12/11/02), 833 So.2d 1207.
The evidence presented at trial was sufficient for the jury to find defendant guilty of the forcible rape of D.L. In this case, the jury was presented with conflicting testimony regarding the incident. Defendant claimed that the oral sex was consensual and that D.L. offered to perform oral sex on him to justify him paying her and her daughter $200 for cleaning his house. Conversely, the victim and her daughter testified that defendant hit the daughter on the back with a stick, threatened to beat them to death if they tried to run, and then forced the victim to perform oral sex on him while he stood over them holding the stick. The victim testified that the oral sex was not consensual or in exchange for money. In convicting defendant of forcible rape, the jury chose to believe the testimony of both women and rejected defendant’s claim that the oral sex was consensual.
As the victim of a sexual assault, D.L.’s testimony alone was sufficient to prove the commission of forcible rape by defendant. State v. Drake, supra; State v. Robinson, supra. Furthermore, the mother’s and daughter’s account of the events was supported by the testimony of the investigating officer and the DNA evidence. Considering the evidence in |9the light most favorable to the prosecution, a rational trier of fact could have concluded that the essential elements of the crime of forcible rape were proven beyond a reasonable doubt. Accordingly, this assignment of error is without merit.

Excessive Sentence

Defendant argues that his 12-year sentence is excessive, considering that he is a first-felony offender, has always worked to support his family, and has two very young children who depend upon him for support. Also, defendant claims that this was an isolated event, noting that the victim admitted this was out of character for defendant, that the victim was an adult, not a child or someone mentally or physically impaired, and that this was a single act of oral sex, as opposed to a vaginal or anal rape, which did not result in any lasting harm or injury to anyone. Finally, defendant argues that his sentence is excessive when compared to other forcible rape cases, and he cites several cases in which the defendants received similar sentences for vaginal and/or anal rapes with more egregious facts than in this case.
*908 La. R.S. 14:42.1(B) provides that a person convicted of forcible rape shall be imprisoned at hard labor for not less than five nor more than 40 years, with at least two years of the sentence to be served without the benefit of probation, parole, or suspension of sentence.
La. R.S. 15:544(B)(2)(a) provides persons convicted of aggravated offenses, as defined in La. R.S. 15:541, are required to register and provide notification as a sex offender for the duration of their lifetime. _|_^Under La. R.S. 15:541(2)(b), forcible rape is defined as an aggravated offense. that
Prior to imposing sentence, the trial court adequately considered the circumstances of the offense and the information set forth in the pre-sentence investigation report. Although defendant is only entitled to review of his sentence for bare excessiveness because he failed to file a motion to reconsider sentence, the record reflects that the trial court did comply with La. C. Cr. P. art. 894.1 and considered the appropriate factors in determining defendant’s sentence. The trial court noted that defendant did not have a significant criminal history, that he has two very young children, and that it had considered the victim’s statement, in which she forgave defendant and asked for leniency. However, the court also found that this was a serious sex offense, that there were no grounds to excuse or justify defendant’s conduct, and that the victim did not induce or facilitate the commission of this crime.
Defendant’s sentence is not' constitutionally excessive. The midrange sentence imposed by the trial court does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166; State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158; State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
Further, to the extent defendant argues that he was improperly ordered to register as a sex offender for life, this claim is without merit because forcible rape is an aggravated offense. See La. R.S. For the foregoing reasons, this assignment of error is without merit. Jil15:544(B)(2)(a).

Conclusion

Defendant’s conviction and sentence are affirmed.

. On March 29, 2012, Rexford was charged by bill of information with the: (1) forcible rape of D.L.; (2) attempted aggravated rape of D.L.; (3) attempted aggravated rape of J.L.; (4) aggravated battery of J.L.; (5) attempted aggravated rape of E.C.; and (6) sexual battery of E.C. The bill alleged that these crimes all occurred on February 1, 2012. The jury trial, which was only on count one, began on October 30, 2012.

. In his opening statement, defendant’s attorney stated that the oral sex was consensual and that defendant was to pay $200 to the victim.